Jonathan D. Lupkin (JL 0792)
Michael B. Smith (MS 3281)
**LUPKIN & ASSOCIATES PLLC**
26 Broadway, 19th Floor
New York, NY 10004
Tel: (646) 367-2771
Fax: (646) 219-4870
jlupkin@lupkinassociates.com
msmith@lupkinassociates.com
*Attorneys for Western New York Public Broadcasting Association*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RRKIDZ, INC., *a Delaware Corporation*,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN NEW YORK PUBLIC BROADCASTING ASSOCIATION, *a New York Corporation*,<br><br>    Defendant. | Case No. 16-cv-00912 (VSB) (DCF)<br><br>**STIPULATION AND ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |
| WESTERN NEW YORK PUBLIC BROADCASTING ASSOCIATION,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>RRKIDZ, INC.,<br><br>    Counterclaim Defendant. | |

This matter having come before the Court by stipulation of Plaintiff-counterclaim defendant RRKIDZ, INC. ("RRKIDZ") and Defendant-counterclaim plaintiff Western New York Public Broadcasting Association ("WNED"), for the entry of a protective order limiting the review, copying, dissemination, and filing of confidential and/or proprietary documents and information to be produced by either party and its respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below (the "Stipulation"); and the

parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown.

IT IS hereby ORDERED that:

1.  This Stipulation is being entered into to facilitate the production, exchange, and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "<u>Documents</u>," "<u>Discovery Requests</u>," or "<u>Testimony</u>" and collectively, "<u>Information</u>").

2.  Any party or non-party may designate Information produced or given in this action as "Confidential," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto and appropriate non-parties, or by other appropriate means.

3.  As used herein:

3.1. "Confidential Information" shall mean information designated as confidential, if such documents contain trade secrets, proprietary business information, competitively sensitive information, or other information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients. Confidential Information shall not include Information that (a) was or is public knowledge, not in violation of this Stipulation; (b) is acquired by the non-designating party from a third-party having the right of disclosure of such Information; or (c) was lawfully possessed by the non-designating party prior to entry by the Court of this Stipulation.

2

3.2. "Producing Party" shall mean the party or non-party producing Confidential Information in this action in connection with depositions, document production, or otherwise, or the party asserting the confidentiality privilege.

3.3. "Receiving Party" shall mean the party or non-party receiving Confidential Information in this action in connection with depositions, document production, or otherwise.

4. The Receiving Party may, at any time, notify the Producing Party that the Receiving Party does not concur in the designation of certain Information as Confidential Information. If, after consultation, the parties continue to disagree in good faith regarding the legitimacy of the designation of the Information at issue, the Receiving Party may apply to the Court for an order that removes the confidentiality designation assigned to the Information at issue. Notwithstanding the foregoing, the operative federal rules and governing case law shall determine which party bears the burden of proof regarding the propriety of the disputed confidentiality designation. If the Receiving Party makes an application to de-designate Confidential Information, the Information at issue will retain the confidentiality designation assigned to it by the Producing Party until the Court rules otherwise.

5. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

5.1. personnel of RRKIDZ or WNED actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

5.2. counsel for the parties to this action and their associated attorneys, paralegals, and other professional personnel (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

5.3. expert witnesses or consultants retained by the parties or their counsel to furnish technical or expert services in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein, provided, however, that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 6 hereof;

5.4. the Court and court personnel;

5.5. court reporters, stenographers, videographers, and any necessary secretarial, clerical, or other personnel of same;

5.6. trial and deposition witnesses, if furnished, shown, or disclosed in accordance with paragraphs 7, 8, and 9, respectively, hereof;

5.7. as necessary to comply with a court order, subpoena, or other direction by a court, administrative agency, or legislative body, except that the party from which the Confidential Information is sought shall (a) give written notice by overnight mail and either email or facsimile to the counsel for the Producing Party within five (5) business days of receipt of such order, subpoena, or direction, and (b) give the Producing Party at least five (5) business days to object to the production of such Confidential Information if the Producing Party so desires; notwithstanding the foregoing, nothing in the subparagraph shall be construed as requiring any party to

this Stipulation to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body;

5.8. a technical employee or consultant for each party, provided that such Confidential Information is furnished, shown, or disclosed in accordance with paragraph 6 hereof; and

5.9. any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and shall not be used for any business, commercial, competitive, personal, or other purposes.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraphs 5.2 and 5.7 hereof, counsel for the Receiving Party shall provide the expert's or consultant's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by its terms. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party at the time of the disclosure of the information required to be disclosed by Federal Rule of Civil Procedure 26(a)(2), except that any certificate signed by an expert or consultant who is not expected to be called as a witness at trial or at any court hearing is not required to be supplied.

8. All deposition transcripts shall presumptively be treated as Confidential Information and subject to this Stipulation during the deposition and for a period of thirty (30) days after a transcript of said deposition is received by counsel for each of the parties. At or before the end of such thirty (30) day period, the deposition transcript or portions thereof shall be

classified appropriately. If no such classification is made, the deposition transcript or portions thereof shall not be considered to be Confidential Information.

9. This Stipulation shall not preclude counsel for the parties from using, during any deposition in this action, any documents or information which have been designated as Confidential Information under the terms hereof. Any witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party. If a witness refuses to agree to be bound by the Stipulation, an application may be made to the court, requesting that the Court direct the witness to be bound by the Stipulation.

10. A party or non-party may designate as Confidential Information, and subject to this Stipulation, any Information produced or given by any non-party to this case, or any portion thereof. In the case of Documents or Discovery Responses, designation shall be made by notifying all counsel in writing of those documents which are to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for both parties. In the case of Testimony, designation shall be made by notifying all counsel in writing of those portions which are to be stamped or otherwise treated as such at any time up to thirty (30) days after the transcript is received by counsel for both parties. Prior to the expiration of such thirty (30) day period (or until a designation is made by counsel, if such a designation is made in a shorter period of time), all such Information shall be treated as Confidential Information.

11. A Receiving Party who seeks to file with the Court any document previously designated as comprising or containing Confidential Information, shall provide all other parties

with forty-eight (48) hours' written notice of its intent to file such material with the Court, so that the Producing Party may submit a letter request to the Court pursuant to Rule 5.B of this Court's Civil Rules & Practices. The Receiving Party shall not oppose any such request. Alternatively, if the filing party in good faith believes that the documents at issue comply with the standard for sealing court documents set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) and related case law, that party may submit such material to the Court without prior notice to the parties. Within forty-eight (48) hours of that submission, any party may apply for permission to file such Confidential Information under seal using the procedures set forth in Rule 5.B. of this Court's Civil Rules & Practices. The non-moving party shall not oppose any such request. If no request is filed within 48 hours of submission, the entire filing shall be deemed no longer Confidential Information and shall be filed via ECF. All pleadings, briefs or memoranda which reproduce, paraphrase or disclose any Confidential Information shall identify such Confidential Information therein by specific reference.

12.     The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

13.     Should the need arise for any of the parties to disclose Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such party may do so only after taking such steps as the Court, upon application of the

disclosing party, shall deem necessary to preserve the confidentiality of such Confidential Information.

14. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

15. Any Information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature (as provided in paragraphs 2 and/or 10 of this Stipulation), may be designated Confidential Information by the party asserting the confidentiality by written notice to the undersigned counsel for the Receiving Party within a reasonable time following the discovery that the Information has been produced without such designation.

16. Extracts and summaries of Confidential Information shall also be treated as Confidential Information in accordance with the provisions of this Stipulation.

17. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of that information in any other action, or of other Information in this action or in any other action.

18. The parties agree that any documents that are inadvertently produced after the date of this Stipulation that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine, or any other relevant privilege, shall not constitute a waiver of the applicable privilege. If any such document is inadvertently produced, the Receiving Party agrees that, upon request from the Producing Party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information contained in the document, provided, however, that the

Receiving Party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

19. This Stipulation is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

20. Absent prior written consent of all Producing Parties, this Stipulation shall continue to be binding after the conclusion of this litigation.

21. Nothing herein shall be deemed to waive any privilege recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

22. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Producing Party. In the event that any party chooses to destroy documents and physical objects, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken its best efforts to destroy such documents and physical objects, and that such documents and physical objects have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits. This Stipulation shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation shall prohibit or interfere with the ability

of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

23. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

24. In the event anyone shall violate or threaten to violate any term of this Stipulation (the "Responding Person"), the parties agree that the aggrieved party or non-party may immediately apply for relief to prevent the Responding Person from violating or threatening to violate any of the terms of this Order and, in the event that the aggrieved party shall do so, the Responding Person subject to this Stipulation shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to this Stipulation agree that the United States District Court for the Southern District of New York has jurisdiction over the person and party for the purposes of enforcing this Stipulation.

25. It is further stipulated and agreed that this Stipulation may be executed by the parties in one or more counterparts, all of which taken together shall constitute one and the same instrument, and shall become effective immediately upon execution of counterparts by all parties. This Stipulation may be executed by the parties by facsimile or electronic signature, which signature shall be deemed original for the purposes of this Stipulation.

SO ORDERED

Vernon Broderick

Vernon S. Broderick 7/21/2016
United States District Judge

Form agreed to and stipulated by:

| | |
|---|---|
| **LUPKIN & ASSOCIATES PLLC**<br><br>By: _____<br><br>Jonathan D. Lupkin<br>Michael B. Smith<br>26 Broadway, Floor 19<br>New York, NY 10004<br>(646) 367-2771<br>(646) 219-4870 (facsimile)<br>jlupkin@lupkinassociates.com<br>msmith@lupkinassociates.com<br><br>*Attorneys for Western New York*<br>*Public Broadcasting Association* | **LINER LLP**<br><br>By: _____<br><br>Joseph R. Taylor<br>Tiffany R. Caterina<br>1100 Glendon Avenue, 14th Floor<br>Los Angeles, California 90024<br>Telephone: (310) 500-3500<br>jtaylor@linerlaw.com<br>tcaterina@linerlaw.com<br><br>-and-<br><br>ALLEGAERT BERGER & VOGEL LLP<br>David A. Berger<br>111 Broadway, 20th Floor<br>New York, New York 10006<br>Telephone: (212) 571-0550<br>dberger@abv.com<br><br>*Attorneys for RRKIDZ, Inc.* |

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RRKIDZ, INC., *a Delaware Corporation*,<br><br>    Plaintiff,<br><br>v.<br><br>WESTERN NEW YORK PUBLIC<br>BROADCASTING ASSOCIATION,<br>*a New York Corporation*,<br><br>    Defendant. | Case No. 16-cv-00912 |
| WESTERN NEW YORK PUBLIC<br>BROADCASTING ASSOCIATION,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>RRKIDZ, INC.,<br><br>    Counterclaim Defendant. | |

## AGREEMENT CONCERNING MATERIAL
## COVERED BY PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in this action by the United States District Court for the Southern District of New York on _____, 2016, that he/she understands the terms thereof, and that he/she agrees to be bound by such terms.

_____
SIGNATURE

_____
NAME (PRINTED)

_____
AFFILIATION/COMPANY

_____
DATE