UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RRKIDZ, INC., *a Delaware Corporation*,<br>    Plaintiff,<br>v.<br>WESTERN NEW YORK PUBLIC BROADCASTING ASSOCIATION, *a New York Corporation*,<br>    Defendant. | Case No. 16-cv-00912 (VSB)(DCF)<br><br>**STIPULATION AND** [PROPOSED] **ORDER THEREON** |
| WESTERN NEW YORK PUBLIC BROADCASTING ASSOCIATION,<br>    Counterclaim Plaintiff,<br>v.<br>RRKIDZ, INC.,<br>    Counterclaim Defendant. | |

## RECITALS

A.    On August 4, 2016, defendant/counterclaim plaintiff Western New York Public Broadcasting Association ("WNED") filed a Motion for Preliminary Injunction, seeking to enjoin plaintiff/counterclaim-defendant RRKidz, Inc. ("RRKidz") from making certain statements regarding the ownership of the READING RAINBOW trademarks;

B.    On August 26, 2016, RRKidz filed its opposition to the motion in its entirety on numerous grounds;

C.    On October 14, 2016 the Court entered an order (the "October 14 Order") stating, in relevant part:

> ORDERED that Plaintiff's motion for a preliminary
> injunction, (Doc. 45), is denied with leave to refile if the parties are
> unable to reach an agreement on a stipulation. On or before

> October 19, 2016 the parties in this matter are ordered to send the Court a joint letter concerning the stipulation discussed during the conference. If the parties disagree on certain points in the stipulation, they are directed to lay out those disagreements individually, point-by-point.

D.     Counsel for the parties subsequently conferred in furtherance of the matters discussed in the October 14 Order and the conference referenced therein.

E.     The matters set forth below have been agreed by the parties through their counsel: (i) for the purpose of cooperating in good faith to eliminate unnecessary and expensive disputes despite the parties' relative positions; (ii) without waiver of or prejudice to any party's rights, positions, defenses or objections; and, (iii) without any admission of fact, liability or other matter by any party.

IT IS HEREBY STIPULATED AND AGREED that:

1.     By no later than 2 court days after this stipulation is placed on the electronic docket in this matter as so ordered, RRKIDZ shall conform the "about the author" information on the web page at https://www.readingrainbow.com/the-rhino-who-swallowed-a-storm to read consistently with the "about the author" information currently presented at https://www.amazon.com/Rhino-Who-Swallowed-Storm/dp/0990539504 and http://www.barnesandnoble.com/w/the-rhino-who-swallowed-a-storm-levar-burton/1120207680, which reads as follows: "**LeVar Burton** is an actor, director, and educator who has been an icon for more than 35 years. He was the host and producer of the influential television program *Reading Rainbow* for more than three decades, and starred in the TV miniseries *Roots* and on *Star Trek: The Next Generation*. He lives in Burbank, California." Nothing in this stipulation and any order thereon shall prohibit further change to "about the author" information so long as such change remains in conformity with paragraph 5 herein below.

2. By no later than 2 court days after this stipulation is placed on the electronic docket in this matter as so ordered, RRKIDZ shall insert ", RRKidz" or ", RRKidz, Inc." after the word "brand" and before the period at the end of the sentence on the LinkedIn page at https://www.linkedin.com/in/markwolfe1 which currently reads: "I am the co-owner and CEO of a great educational and entertainment brand."

3. RRKIDZ shall not sell or otherwise distribute or make available any future newly-printed copies of the book *The Rhino Who Swallowed a Storm* with a dust jacket that includes the phrase "co-owner of Reading Rainbow[.]" The foregoing shall not apply to previously-printed books.

4. Neither party is aware to the best of its knowledge of any statement on any other websites, social media accounts, emails, and any other electronic media under RRKIDZ's control, that RRKIDZ (including but not limited to Mark Wolfe and LeVar Burton) "owns" or "bought" "Reading Rainbow", the Reading Rainbow "brand", the Reading Rainbow trademarks, or the television series entitled "Reading Rainbow".

5. From the date of any order upon this stipulation forward, RRKIDZ shall refrain from making or causing to be made any written or oral statement or representation, in any media whatsoever, that anyone other than WNED "owns" or "bought" "Reading Rainbow," the Reading Rainbow "brand," the Reading Rainbow trademarks, or the television series entitled "Reading Rainbow", until and unless RRKIDZ receives written confirmation from WNED that someone other than WNED has become the owner. RRKIDZ shall have no responsibility for any third party repeating or otherwise carrying forward any such statements made prior to the date of such order.

6. Nothing herein shall affect, modify or amend the License Agreement dated as of August 23, 2011 between the parties. Nothing in Recital E shall limit any party from enforcing the terms of this stipulation or any order thereon. Nothing in this stipulation or any order thereon shall be used by any party against any other party, as a purported admission, as evidence, or otherwise in this litigation, except to enforce the specific terms of this stipulation and any order thereon.

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK 10/20/2016
UNITED STATES DISTRICT JUDGE

Agreed to and stipulated by:

LUPKIN & ASSOCIATES PLLC

By: *[signature]*

Jonathan D. Lupkin
Michael B. Smith
26 Broadway, Floor 19
New York, New York 10004
(646) 367-2776
jlupkin@lupkinassociates.com
msmith@lupkinassociates.com

*Attorneys for Western New York Public Broadcasting Association*

LINER LLP

By: *[signature]*

Joseph R. Taylor
Tiffany R. Caterina
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
(310) 500-3500
jtaylor@linerlaw.com
tcaterina@linerlaw.com

-and-

ALLEGAERT BERGER & VOGEL LLP
David A. Berger
111 Broadway, 20th Floor
New York, New York 10006
(212) 571-0550
dberger@abv.com

*Attorneys for RRKidz, Inc.*