June 23, 2017

<u>V<small>IA</small> ECF</u>

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square, Courtroom 518
New York, New York 10007

RE:   RRKidz, Inc. ("RRKidz") v. Western New York Public Broadcasting Association ("WNED")
      <u>Case No. 1:16-cv-00912-VSB - Joint Letter re: Status of Mediation.</u>

Dear Judge Broderick:

Defendant/counterclaim-plaintiff Western New York Public Broadcasting Association ("WNED") and Plaintiff/counterclaim-defendant RRKidz, Inc. ("RRKIDZ") respectfully request a pre-motion discovery conference to address several instructions not to answer given by counsel for RRKIDZ to Linda Benjamin, RRKIDZ's President of Global Strategy and Business Affairs, during her deposition.

The parties have met and conferred in good faith, in writing and telephonically, including during a ~45-minute telephone conversation between Tiffany Caterina (for RRKIDZ) and Michael B. Smith (for WNED) on April 12, 2017 and a ~30-minute telephone conversation between the same attorneys on June 20, 2017, but have been unable to resolve this dispute without court action.

<u>WNED's Position</u>

According to Ms. Benjamin, although she performed certain business functions, her role at RRKIDZ was primarily that of in-house counsel. Although Ms. Benjamin's status as an attorney does not automatically shield every one of her communications with the mantle of privilege, counsel repeatedly instructed Ms. Benjamin not to answer questions that did not implicate the attorney-client privilege, and provided no factual or legal basis for those instructions.

"A party may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation on evidence directed by the court, or to present a motion under paragraph (3)." FRCP 30(d)(1). "[T]he party resisting discovery has the burden of supporting its position." *Riddell Sports Inc. v. Brooks,* 158 F.R.D. 555, 558 (S.D.N.Y.1994). "[I]n refusing to answer deposition questions a party may not rely on generalized assertions of attorney-client privilege but must make reference to specific privileged communications that would be revealed." *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 45 USPQ2d 1775 (S.D.N.Y. Jan. 6, 1998).

"[T]he protection of the privilege extends only to *communications* and not to facts." *Upjohn Co. v United States*, 449 US 383, 395–96 (1981). Likewise, the work product doctrine protects only "document[s] or tangible thing[s]" prepared in anticipation of litigation—not facts or ideas. *ECDC Environmental v. New York Marine and General Ins. Co.*, 1998 WL 614478, at *11 (S.D.N.Y. June 4, 1998). Yet RRKIDZ's counsel repeatedly and improperly instructed the witness not to answer questions about non-privileged facts, at one

point expressing the erroneous belief that "[i]f it's an idea that is not yet disclosed, it's attorney work product, and I would instruct you not to answer." (101:8 – 101:12).[1]

Among other improper instructions and objections, counsel improperly instructed the witness not to testify about:

**Facts underlying RRKIDZ's allegations** (35:5 – 38:18, 40:17-41:15, 50:21 – 51:5). "As courts have held contention interrogatories seeking the factual bases for allegations would not encroach on protected information…it is not apparent how the same information would be otherwise unavailable through questions posed to a deponent in the course of a deposition." *Sec. Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 FRD 29, 32 (D. Conn. 2003).

**Whether a communication occurred** (45:21 – 47:5, 61:4 – 61:10, 67:1 – 67:14, 99:6 - 99:15, 263:6 – 263:17). "[T]he fact that a conversation occurred is not privileged." *State–Wide Capital v. Superior Bank*, No. 98 Civ. 817(HB), 2000 WL 20705, at *1 (S.D.N.Y. Jan.12, 2000) To the contrary, it is one of the facts that must be disclosed in support of an assertion of privilege. SDNY Local Rule 26.2(a)(2)(B).

**Document preservation** (55:15 – 56:9). Counsel improperly instructed the witness not to disclose the steps RRKIDZ took to preserve documents responsive to WNED's discovery requests. The steps a party took to preserve, search for, and review responsive documents are not privileged. *See Huber v. Arck Credit Co., LLC*, 12-CV-8175 (JMF), 2016 WL 482955, at *4 (S.D.N.Y. Feb. 5, 2016) (party's failure to "describ[e], with specificity, the steps that it and its counsel took to preserve, search for, and review documents for responsiveness…may result in further sanctions….").

**Previously disclosed communications** (237:22 – 238:6). Counsel improperly instructed the witness not to answer whether her views, as articulated in a non-privileged March 2015 email, had changed.

**Work product** (35:5 – 35:18, 57:12 – 57:25, 62:2 – 62:14). Counsel improperly instructed the witness not to disclose whether she had read, or the reasons she reviewed, certain documents (including RRKIDZ's pleadings), on the basis that those facts are "work product." As noted above, the work product doctrine protects documents, not facts. *See ECDC Environmental, supra.*

**Opinion testimony** (95:18 – 95:25, 117:14 – 118:5, 232:24 – 234:1). Counsel also instructed the witness not to answer questions on the purported grounds that they might elicit opinion testimony. Again, this is an improper basis for such an instruction. FRCP 30(d)(1); *see also Bristol-Myers Squibb, supra* ("Insofar as RPR's counsel instructed Mosher not to answer certain questions because the questions called for expert opinion, these instructions were in error. RPR's counsel should have allowed Mosher to testify, noted its objections for the record, and sought to exclude the testimony at trial if they believed that it constituted inappropriate expert testimony.").

In short, counsel for RRKIDZ used the fact that Ms. Benjamin is an attorney as a pretext to impermissibly block non-privileged testimony. During the deposition, both on and off the record, counsel for WNED asked counsel for RRKIDZ to provide a factual and legal basis for the assertions of privilege, or withdraw the

---

[1] All citations other than to legal authority are to the transcript of the deposition of Linda Benjamin on December 7, 2016. Relevant excerpts are attached as Appendix A.

instructions. Counsel declined to do either and, additionally, blocked attempts by WNED's counsel to adduce the facts (*e.g.*, whether, when, with whom, and for what purpose a communication was had) RRKIDZ would need to proffer to support a claim of privilege.

RRKIDZ's improper instructions prevented WNED from obtaining relevant, necessary testimony from one of RRKIDZ's principals. WNED therefore respectfully requests that this Court direct RRKIDZ to make Ms. Benjamin available in New York for her continued deposition.

<u>RRKIDZ's Position</u>

There appears to be no dispute that Ms. Benjamin was, at all relevant times, an attorney for RRKidz who had numerous confidential communications, in which legal advice was sought or given, with RRKidz as well as outside litigation counsel, all of which are subject to attorney-client privilege.  Rather, it seems WNED contends that the questions posed by counsel for WNED do not implicate the attorney-client privilege or attorney work product doctrine.

However, the questions posed by WNED would require Ms. Benjamin to either (1) disclose the substance of privileged communications with RRKidz or litigation counsel, or (2) disclose her mental impressions, conclusions, opinions or legal theories concerning the litigation.

RRKidz adopts WNED's categorization of the questions for the Court's ease of reference:

**Facts underlying RRKIDZ's allegations** (35:5 – 38:18, 40:17-41:15, 50:21 – 51:5). Not one question presented by WNED deals with the *facts* underlying RRKidz's allegations in the complaint.  Instead, WNED asks for Ms. Benjamin's "understanding," "belie[f]," and "comfort[]."  As litigation counsel for RRKidz explained at the deposition, the questions as phrased call for Ms. Benjamin's mental impressions, which are protected from disclosure by the attorney work product doctrine.  WNED also asks Ms. Benjamin "why" RRKidz filed the complaint, a decision that was reached following privileged communications among RRKidz, Ms. Benjamin, and litigation counsel.  To answer WNED's questions, Ms. Benjamin would have to disclose the substance of those privileged communications, including the mental impressions of both Ms. Benjamin and litigation counsel.

**Whether a communication occurred** (45:21 – 47:5, 61:4 – 61:10, 67:1 – 67:14, 99:6 - 99:15, 263:6 – 263:17). The questions at issue do not deal with whether a communication occurred.  They ask whether Ms. Benjamin communicated with her client, RRKidz, about very specific subjects (e.g., whether Ms. Benjamin advised RRKidz regarding "the meaning of the term 'commercially reasonable efforts'").  The substance of the attorney-client communication is baked into WNED's questions such that answering the question would necessarily reveal the substance of the communication.  See, *U.S. v. Aronoff*, 466 F. Supp. 855, 861 (S.D. N.Y. 1979) ("[T]he privilege ordinarily protects a client from having to disclose *even the subject matter* of his confidential communications with his attorney . . ., as well as his attorney's confidential legal advice. . . ." emphasis added); see also, *Colton v. United States*, 306 F.2d 633, 636 (2d Cir. 1962) (affirming district order directing attorney to limit answers to questions regarding nature of legal services to "'general responses, such as 'litigation,' drafting of documents,' 'tax advice'" but "*excluding inquiring into specific details*;" emphasis added).

**Document preservation** (55:15 – 56:9). Ms. Benjamin testified that RRKidz took the steps to preserve documents *as advised by litigation counsel*. To disclose those steps would necessarily disclose the substance of litigation counsel's advice to RRKidz. WNED's categorical contention that the "steps a party took to preserve, search for, and review responsive documents are not privileged" is simply untrue. WNED cites *Huber v. Arck Credit Co., LLC*, 12-CV-8175 (JMF), 2016 WL 482955, at *4 (S.D.N.Y. Feb. 5, 2016) and takes a quotation out of context, which quotation does not relate to a discussion of the law, but is part of the court's order (after a party's extreme lack of cooperation in discovery), and reads in full as follows:

> Further, within three weeks of the date of this Opinion and Order, Nye, Foundation 20 21, and Nyehaus shall produce all documents responsive to Third Party Plaintiffs' First Set of Document Requests (including those implicating attorney-client privilege, as discussed below). *If a party finds that no responsive documents exist as to any request*, that party shall submit an affidavit to Third Party Plaintiffs describing, with specificity, the steps that it and its counsel took to preserve, search for, and review documents for responsiveness to that request.

(Emphasis added).

**Previously disclosed communications** (237:22 – 238:6). WNED asks whether Ms. Benjamin changed her mind about a legal position taken in a letter to WNED. Once again, to answer that question Ms. Benjamin would necessarily have to disclose her mental impressions, conclusions, opinions or legal theories concerning the litigation, which are protected by the attorney work product doctrine.

**Work product** (35:5 – 35:18, 57:12 – 57:25, 62:2 – 62:14). WNED relies upon cases in which the deponent was a party, not an attorney for a party. In *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 33 (2003) (citations omitted), the court stated that the key to delineating between protected work product and discoverable facts was "determining the degree to which a particular deposition question elicits the mental impressions of the attorney who communicated a fact to the deponent" and directed the plaintiff when formulating questions "to avoid asking questions of which are intended to elicit counsel's advice, counsel's view as to the significance or lack thereof of particular facts, or any other matter that reveals counsel's mental impressions concerning this case[.]" Here, the deponent is the attorney and every question is formulated to elicit her view as to the significance of particular facts (e.g., what particular documents she chose to review in the course of her work as RRKidz's attorney).

**Opinion testimony** (95:18 – 95:25, 117:14 – 118:5, 232:24 – 234:1). WNED literally asks for Ms. Benjamin's "legal opinion" regarding RRKidz's rights under the license agreement (the subject of the litigation). In another instance, WNED poses a hypothetical situation under the license agreement and asks Ms. Benjamin for her legal conclusion. This is the very definition of attorney work product -- Ms. Benjamin's mental opinions and conclusions concerning this litigation. WNED seems to argue that it was attempting to elicit expert testimony from Ms. Benjamin. Ms. Benjamin was called as a fact witness. She has not been designated as an expert.

RRKidz asks that this Court sustain RRKidz's objections to the questions at issue in Ms. Benjamin's deposition on the basis of attorney-client privilege and attorney work product protection.

Very truly yours,

| | |
|---|---|
| **LINER LLP** | **LUPKIN & ASSOCIATES PLLC** |
| 1100 Glendon Avenue, 14th Floor | 26 Broadway, 19th Floor |
| Los Angeles, CA  90024 | New York, NY  10004 |
| Tel: (310) 500-3500 | Tel: (646) 367-2771 |
| | |
| By: */s/ Tiffany Caterina* | By: */s/ Michael B. Smith* |
| | |
| *Attorneys for RRKidz, Inc.* | *Attorneys for Western New York Public Broadcasting Association* |